UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:10-CV-01887NAB ) |
| SPRADLING HOME INSPECTIONS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS AND
FOR JUDGMENT ON THE PLEADINGS**

Presently before the court is a joint motion to dismiss this action for failure to state a claim filed by Spradling Home Inspections, LLC and Stuart Spradling (collectively "Defendants")[1] and cross-motions for judgment on the pleadings filed by Defendants and State Farm Fire and Casualty Co. ("Plaintiff"). [Doc. 11]; [Doc. 13]. Having fully considered the arguments set forth by the parties in their respective memorandum, the Court denies Defendants' motion to dismiss for failure to state a claim, and denies the parties' cross-motions for judgment on the pleadings.

**Discussion**

Defendants first seek to have the Court dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff's complaint fails to state a claim upon

---

[1] There are a total of four defendants in this declaratory action; however, only Spradling Home Inspections, LLC and Stuart Spradling are parties to the motion presently before the Court. The underlying issue in this case is whether State Farm is obligated, under an insurance policy, to defend or indemnify Spradling Home Inspections, LLC and Stuart Spradling in a lawsuit filed by Doug Murray and Virginia Caputy, the other two named defendants in this declaratory action.

which relief can be granted. However, a 12(b)(6) motion to dismiss cannot be filed after a party has answered the complaint. *See* Fed. R. Civ. P. 12(b) (A motion under Rule 12(b) "must be made before pleading if responsive pleading is allowed."); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) ("Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." (citing Fed. R. Civ. P. 12(b))). Defendants answered the complaint on January 9, 2011, the same day on which they filed their motion to dismiss. [Doc. 9].[2] Defendants' answer was entered and docketed before their 12(b)(6) motion to dismiss. Therefore, since Defendants answered the complaint, they could technically no longer file a 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(b); *Westcott*, 901 F.2d at 1488. Defendants' 12(b)(6) motion to dismiss for failure to state a claim is therefore denied because it is procedurally deficient.

In addition, the Court finds that both parties' motions for judgment on the pleadings are also procedurally deficient. Unlike a motion for summary judgment, which may be filed at any time until 30 days after the completion of discovery, *see* Fed. R. Civ. P. 56(b), a Rule 12(c) motion for judgment on the pleadings can only be filed "[a]fter the pleadings are closed[.]" Fed. R. Civ. P. 12(c). Here, Defendants filed an answer to the complaint and asserted two counterclaims against Plaintiff. In response to the counterclaims, Plaintiff filed a 12(b)(6) motion to dismiss; Plaintiff did not file an answer to the counterclaims.

Rule 12(a)(1)(B) mandates that a party file an answer to a counterclaim. *See* Fed. R. Civ. P. 12(a)(1)(B). However, a party, as Plaintiff did in this case, may file a 12(b)(6) motion to dismiss before filing an answer to a counterclaim; in fact, a party that intends to file a 12(b)(6) motion, or any motion under Rule 12(b), in response to a counterclaim, must file such motion before filing an answer because a responsive pleading is allowed to a counterclaim. *See* Fed. R.

---

[2] Defendants timely filed an amended answer on January 19, 2011. [Doc. 31].

2

Civ. P. 12(b) (A motion under Rule 12(b) "must be made before pleading if responsive pleading is allowed."); Fed. R. Civ. P. 7(a) (answer to counterclaim is considered a pleading).

While the filing of a Rule 12 motion suspends the time to file an answer to a counterclaim, *see* Fed. R. Civ. P. 12(4)(A), a Rule 12 motion is not a pleading and it does not, unless granted, dispose of a party's obligation to file an answer to a counterclaim.[3] Therefore, as long as a Rule 12 motion is pending as to a counterclaim, pleadings are not considered closed because a party, against whom a counterclaim is asserted, must file an answer to the counterclaim if the Rule 12 motion is denied. S*ee* Fed. R. Civ. P. 12(a)(1)(B) (a party must serve an answer to a counterclaim); Fed. R. Civ. P. 12(4)(A) (If a court denies Rule 12 motion, party must file responsive pleading within 14 days). This view is in line with the position of federal courts across the country that have addressed this issue. *See Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made[.]" (citations omitted)); *Colapissa Properties, L.L.C. v. Assurance Co. of America*, No. 06-8063, 2007 WL 2903245 *2 (E.D. La. 2007) (For purposes of Rule 12(c), pleadings are considered closed once a complaint and answer have been filed, unless a counterclaim, cross-claim, or third-party claim is interposed, in which case the filing of a responsive pleading to the counterclaim, cross-claim, or third-party claim normally will mark the close of the pleadings); *Cook v. Board of Sup'rs of Lowndes Cnty., Miss.*, 806 F.Supp. 610, 613 (N.D. Miss. 1992) ("If no counterclaims or cross-claims are pleaded in the answer, the pleadings are considered closed[.]"); *see also Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2011 WL 1343392, at *5

---

[3] Rule 7(a) of the Federal Rules of Civil Procedure sets forth an exclusive list of what filings are considered pleadings. Under Rule 7(a) pleadings are (1) a complaint; (2) an answer to the complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply to an answer, if the court orders one. Fed. R. Civ. P. 7(a).

n.6 (S.D.Ala. March 15, 2011); *Watson v. Cnty. of Santa Clara,* No. C–06–04029 RMW, 2007 WL 2043852, at *1 (N.D.Cal. July 12, 2007); *River Tidewater Ass'n v. Warren Sanitary Dist.,* No. 00-92-P-H, 2000 WL 891969, at *1-2 (D. Me. June 28, 2000).

As noted in *Watson v. Cnty. of Santa Clara*, some courts have determined that they have the discretion to decide Rule 12(c) motions before pleadings area closed. *See Watson*, 2007 WL 2043852, at *2 (citing *Johnson v. Dodson Pub. Sch.,* 463 F.Supp.2d 1151, 1156 (D.Mont. 2006); *Noel v. Hall,* 2005 WL 2007876 at *1-2 (D.Or. 2005); *Moran v. Peralta Cmty. Coll. Dist.,* 825 F.Supp. 891, 894 (N.D.Cal.1993)). The Court notes, as did the *Watson* court, that the holdings in *Johnson, Noel*, and *Moran*, were fact specific holdings and the specific facts of those cases are not presented in this case. *Watson*, 2007 WL 2043852, at *2. Under the facts of this case, the Court finds that ruling on the parties' cross-motions for judgment on the pleadings would be against the plain language of the Federal Rules of Civil Procedure and the overwhelming weight of authority on this issue. The Court declines to take this step.

A Rule 12(c) motion for judgment on the pleadings can only be filed "[a]fter the pleadings are closed[.]" Fed. R. Civ. P. 12(c). Since, as plaintiff acknowledges, the pleadings are not closed in this case (because Defendant filed a counterclaim and Plaintiff never answered the counterclaim), the parties' Rule 12(c) motions were improperly filed. Therefore, the Court will not entertain the motions for judgment on the pleadings and both motions will be denied because the motions were filed prematurely. *See Doe*, 419 F.3d at 1061 (Premature motion for judgment on the pleadings should have been denied); *Moubry by & Through Moubry v. Indep. Sch. Dist. No. 696,* 951 F.Supp. 867, 894 n.23 (D.Minn. 1996) (Denial of a motion for judgment on the pleadings is warranted when the motion is premature.).

The Court also notes that since Plaintiff presented matters outside of the pleadings in its cross-motion for judgment on the pleadings, the Court, if the pleadings had been closed, would have been obliged to treat the parties' Rule 12(c) motions as cross-motions for summary judgment. *See* Fed. R. Civ. P. 12(d). However, because of the procedural posture of this case, discussed above, the Court cannot take the step of converting the 12(c) motions into motions for summary judgment and engaging in the appropriate analysis.

**Conclusion**

Based on the above analysis, the Court finds that Defendant's Motion to Dismiss should be denied. The Court further finds that the parties' cross motions for judgment on the pleadings should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED**. [Doc. 11].

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings is **DENIED**. [Doc. 11].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**. [Doc. 13].

Dated this 13th day of September, 2011.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE